Mr. Justice Johnson
delivered the opinion of the court.
As a general position, applicable' to parol contracts, there is no doubt about the principle involved in the fiist ground of the present motion. Promises made on a consideration that is wholly past, without any new consideration moving to it, are void, as being, without consideration. Circumstances growing out of and connected with, the original contract, and an infinite variety of others unnecessary to the present case, may constitute a new legal consideration. This question, however, has no application to the present case. This action is founded on a deed, and the only case in which a party is permitted to aver against the consideration expressed, is.where it is illegal or fraudulant. (Bruce vs. Lee, 4 Johnson 410.) The deed itself imports a consideration, against which the party is not permitted to aver, except in the two preceding cases. (Peake 119, Randall’s Ed. 1 Binny 502-19. 4 Johnson 416.)
The arguments on the second ground of the motion háve been directed principally to the question whether the party can be permitted to shew a different consideration from that mentioned in the deed ? The general rule is, that parol evidence shall not be admitted to contradict or vary the obvious import of a deed; but I find there is great diversity of opinion in its application, in equity it seems that the consideration is always examinable; but by a reference to the cases collected and arranged in a note in (Peake, 112-117, Randall’s Ed.) it will be seen that the *516 diversity of opinion in the law courts ir, so great as to lead to a confusion almost inexplicable. Legitimate considerations are cither good or valuable ; and after some attention to the subject my mind inclines to the conclusion suggested by one of my brethren, thát the distinction is, that where one of these is expressed, parol cannot at law be admitted to shew the other, but that it may be admitted to shew a greater or less of the same character. Rut this question, like the former, does not appear to me to hear on the present case.
This it will be recollected is the action of covenant; an : action sounding altogether in damages; and the mtasure of recovery is to the extent of the. injury which the party sustains by the infraction of the coven’', t, whether it ho partial or total, and must necessarily depend o.n the particular circumstances of the case. Thus, in the case oí Eveleigh vs. Administrator Stitt, (1 Bay 89,) the court, in an action on a warranty, say, that the value of negroes at the time the purchaser was deprived of the possession by title paramount, is the measure'of damages ; but under particular circumstances the jury were justifiable in departing from it. (See 2 Nott & M'Cord 201.) So in the case of Rose & Rogers vs. Beattie, (2 Nott & M'Cord 538,) which was'a special assumpsit, the court say, that th'e consideration paid is not necessarily the only measure of damages ; but that under particular circumstances a jury may give more; and although the consideration paid might in most cases constitute the best evidence of the injury which a party sustained, yet in actions sounding altogether in damages, it seems to me to follow of necessity, that the measure of recovery must depend on the particular circumstances of the case. The error in this case arose probably out of confounding covenant with a general indebitatus assumpsit, for money paid by mistake, or on a consideration which has wholly failed ;*then the general rule is as expressed in the opinion of the court below. The jury were doubtless influenced by this opi *517 ilion, and it furnishes, I think, a sufficient reason for send* ing the case back.
¿•'arrow, for the motion.
Downs, contra.
The motion is granted.
Justices Colcock, Nott and Finger., concurred.